IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeremy Garrett,                      :

    Plaintiff,                  :       Case No. 2:08-cv-0452

  v.                               :       JUDGE GRAHAM

Belmont County Sheriff           :       MAGISTRATE JUDGE KEMP
Department, et al.,

    Defendants.                :

## REPORT AND RECOMMENDATION

On June 19, 2008, plaintiff Jeremy Garrett, in his capacity as the surviving spouse of Barbara Jean Garrett, filed this action asserting claims against the Belmont County Sheriff's Department and the Belmont County Jail for the alleged violation of Mrs. Garrett's rights under the Eighth and Fourteenth Amendments to the United States Constitution.  The effective filing date of the complaint appears to be May 6, 2008, when Mr. Garrett signed his application for leave to proceed in forma pauperis.  This Court originally dismissed the case after an initial screening, concluding that the complaint failed to state a claim upon which relief could be granted.  The Court of Appeals subsequently remanded the case for consideration of the Eighth and Fourteenth Amendment claims made on Mrs. Garrett's behalf.

After remand, the defendants were served with the complaint. They then filed a motion to dismiss the complaint as time-barred under the applicable statute of limitations for actions prosecuted under 42 U.S.C. §1983.  The defendants subsequently sought leave to supplement their motion with the affidavit of Jill Kernic, the Belmont County Sheriff's administrative secretary.  On June 10, 2010, the Court granted the defendants

-1-

leave to supplement their motion and, pursuant to Fed. R. Civ. P. 12(d), ordered that the motion be treated as a motion for summary judgment. The order further provided Mr. Garrett an opportunity to respond with evidentiary materials on or before September 23, 2010, to set out specific facts showing a genuine issue for trial.

On September 9, 2010, Mr. Garrett filed a memorandum in opposition to the defendants' motion in which he argued that his cause of action, as the legal representative of his deceased wife's estate, did not accrue when she was released from the defendants' custody, but rather when she died. Because he commenced this action within two years of her death, he contends that it is not time-barred.

For the following reasons, the Court will recommend that the motion for summary judgment be granted and that Mr. Garrett's §1983 claims be dismissed on the grounds that the statute of limitations applicable to Mr. Garrett's federal-based claims has expired. It will be further recommended that the District Court decline to exercise supplemental jurisdiction over any state-law wrongful death claim.

I.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution are in dispute. It may be rendered only when appropriate evidentiary materials as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all

-2-

reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material evidence of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since " a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believe demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion will be decided.

II.

Mr. Garrett asserts an Eighth Amendment claim on behalf of his wife based on the allegations that the defendants failed to give appropriate medical attention to Mrs. Garrett while she was a prisoner at the Belmont County Jail and were deliberately indifferent to her serious medical needs when they subsequently released her from a mental institution. He also asserts that the defendants violated Mrs. Garrett's Fourteenth Amendment right to be protected from suicide when they released her from the mental institution instead of continuing her treatment while she was on probation/bond.

In support of their motion, the defendants have presented evidence which establishes the period of time Mrs. Garrett was incarcerated in the Belmont County Jail and the extent of the

interactions between Mrs. Garrett and both the Belmont County Sheriff's Office and the Belmont County Jail. This evidence is contained in the Affidavit of Jill Kernick, who is employed as the Belmont County Sheriff's Administrative Secretary. Ms. Kernick has sworn that she completed a thorough review of the Belmont County Jail records and that, based on her review of these records, Mrs. Garrett was incarcerated in the Belmont County Jail from February 11, 2006, until February 24, 2006; that at no time did the Belmont County Sheriff's Office take action to admit Mrs. Garrett to a mental institution; and that neither the Belmont County Sheriff's Office nor the Belmont County Jail had any interaction with Mrs. Garrett after February 24, 2006. The records attached to the motion also show that Mrs. Garrett was released from the Belmont County Jail on February 24, 2006, after posting a surety bond.

In his response, Mr. Garrett did not submit any affidavits or other evidence. In addition, he does not challenge Ms. Kernik's competency to testify as to the contents of the Belmont County Jail records or to the admissibility of the records themselves. His opposition to summary judgment consists solely of legal arguments regarding the applicable statutes of limitation for Mrs. Garrett's constitutional claims and his own claim for wrongful death. According to Mr. Garrett, neither claim accrued as a matter of law until his wife's death, which happened less than two years before he filed suit.

### III.

Under Ohio's survivorship statute, "injuries to the person" survive the death of the decedent. Ohio Rev. Code Ann. §2305.21 (Baldwin 2010). A survivorship action may be brought by the decedent's personal representative on behalf of her estate. Jones v. Wittenberg University, 534 F.2d 1203, 1207 (6th Cir. 1976). Mr. Garrett's §1983 action filed on behalf of his wife's

-4-

estate is properly considered as a claim of personal injury preserved by the survivorship statute. See Tinch v. City of Dayton, 77 F.3d 483 (table), 1996 WL 77445 at *2 (6th Cir. Feb. 20, 1996); Hall v. Wooten, 506 F.2d 564 (6th Cir. 1974)(applying Kentucky survivorship statute). A §1983 action, however, is personal to the one whose constitutional rights were allegedly violated. Jaco v. Bloechle, 739 F.2d 239, 242 (6th Cir. 1984); Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000). In this case, the direct victim of the defendants' alleged unconstitutional conduct was Mrs. Garrett.

The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is the two-year statute of limitations found in Ohio Revised Code §2305.10. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). The date on which the statute of limitations begins to run for a §1983 action is a question of federal law. Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 520 (6th Cir. 1997). "Ordinarily, the limitations period begins when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (internal citation and quotation marks omitted). Because the §1983 action is personal to Mrs. Garrett, the limitations period would necessarily have begun to run when she knew or had reason to know of her alleged injury, not when the personal representative of her estate became aware of the injury.

The record is devoid of any evidence that the defendants had any involvement with Mrs. Garrett after February 24, 2006. Whether the defendants failed to provide appropriate medical attention to her while she was a prisoner at the jail should have been apparent by that date. Because this action was not filed within two years of February 24, 2006, any claim based on the medical care given or not given to Mrs. Garrett while she was actually at the Belmont County Jail is barred by Ohio Rev. Code

§2305.10.  Thus, unless there is some evidence in the record that the named defendants – the Belmont County Sheriff's Department and the Belmont County Jail – had some involvement with what happened to Mrs. Garrett after February 24, 2006, there would appear to be no way in which a timely §1983 action could be asserted against them.

The complaint itself alleges only actions which took place between February 6, 2006 and February 28, 2006.  The only place where Mr. Garrett made any reference to events after that date, at least in the record before this Court, is in the objection he filed to the Report and Recommendation.  <u>See</u> Doc. #5.  He does not repeat those assertions in response to the motion to dismiss. In any event, Mr. Garrett's claim – if he is actually asserting such a claim – that his deceased wife was admitted to a mental institution following her release from jail and that the defendants were involved either in her placement or subsequent release from such institution is simply unsupported by the record.  In responding to the defendants' motion, he is not entitled to rely on unsworn allegations, but must set out specific facts by way of an affidavit or other similar means showing a genuine issue for trial.  <u>See</u> former Fed. R. Civ. P. 56(e)(2) (effective until December 10, 2010).  Because Mr. Garret has not done so either by affidavit or as otherwise provided in Rule 56, summary judgment must be entered against him on this claim as well.

IV.

In his memorandum in opposition, Mr. Garrett also contends that his complaint is a wrongful death action, and he cites Ohio Revised Code §2125.02(D)(1), which provides that such an action shall be commenced within two years of the decedent's death. This statute of limitations, however, applies only to civil actions brought under Ohio Rev. Code §2125.01.  A wrongful death

claim is distinct from Mrs. Garrett's civil rights claims.  See Jaco, 739 F.2d at 242-43.

Federal courts have supplemental jurisdiction to hear state-law claims if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §1367(a); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).  A federal court, however, has the power to exercise discretion in hearing pendent state-law matters.  28 U.S.C. §1367(c).  Specifically, if a plaintiff's federal claims are dismissed before trial, then any state-law claims brought by the plaintiff are also appropriately dismissed.  Id.; Gibbs, 383 U.S. at 726-27; see also Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996)(when all federal claims are dismissed before trial, balance of considerations usually will point to dismissing state-law claims).

If this Report and Recommendation is adopted by the District Court, summary judgment will be granted on the §1983 claims.  Because there is no substantial interest in judicial economy that would be served by deciding a state-law wrongful death claim, the Court should decline to exercise supplemental jurisdiction in this case and dismiss any claims based on state law without prejudice.

V.

Based upon the foregoing reasons, the Court recommends that the motion to dismiss filed by defendants Belmont County Sheriff's Office and Belmont County Jail construed as a motion for summary judgment (#20), be granted, and that the §1983 claims filed by Mr. Garrett on behalf of his deceased wife be dismissed as barred by the two-year statute of limitations set forth in Ohio Revised Code §2305.10.  It is further recommended that the

District Court decline to exercise supplemental jurisdiction over any state-law wrongful death claim and dismiss that claim without prejudice.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decisions of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/Terence P. Kemp
United States Magistrate Judge